1 | NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
2 | LAURA SCHLICHTMANN (SBN 169699)
3 | lschlichtmann@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
4 | jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
5 | 840 Malcolm Road, Suite 200
Burlingame, CA 94010
6 | Telephone: (650) 697-6000
Facsimile: (650) 692-3606
7 |
ALEXANDER G. VAN BROEK (SBN 103891)
8 | **LAW OFFICES OF**
**ALEXANDER VAN BROEK**
9 | vanbroeklaw@earthlink.net
1999 Harrison Street, Suite 700
10 | Oakland, CA 94612
11 | Telephone: (510) 446-1922
Facsimile: (510) 446-1911
12 |
JOHN M. KELSON (SBN 75462)
13 | **LAW OFFICES OF JOHN M. KELSON**
kelsonlaw@sbcglobal.net
14 | 1999 Harrison Street, Suite 700
Oakland, CA 94612
15 | Telephone: (510) 465-1326
Facsimile: (510) 465-0871
16 |
Attorneys for Plaintiffs and Plaintiff Class
17 |

18 | **UNITED STATES DISTRICT COURT**

19 | **CENTRAL DISTRICT OF CALIFORNIA**

20 | THOMAS LA PARNE and EMILE BOUARI, individually and on behalf of themselves and all others similarly situated,

Case No. **SACV08-00302 DOC (MLGx)**

**CLASS ACTION**

22 | Plaintiffs,

23 | vs.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

24 | MONEX DEPOSIT COMPANY, a California limited partnership; COMCO MANAGEMENT CORPORATION, a California corporation; MONEX CREDIT COMPANY, a California limited partnership; METCO MANAGEMENT CORPORATION; and Does 1 through 10,

**DEMAND FOR JURY TRIAL**

27 | Defendants.

28 |

⊕
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**COMPLAINT**

# **TABLE OF CONTENTS**

Page Nos.

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  CLASS AND COLLECTIVE ACTION ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . 3

V.  FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.  CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FIRST CAUSE OF ACTION
Failure to Pay Overtime to the FLSA Collective Group
(FLSA, 29 U.S.C. § 207) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SECOND CAUSE OF ACTION
Failure to Pay Minimum Wage
(FLSA, 29 U.S.C. § 206) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

THIRD CAUSE OF ACTION
Failure to Pay Overtime to the California Wage Class
(Cal. Lab. Code §§ 510, 1194) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FOURTH CAUSE OF ACTION
Failure to Pay Minimum Wage to the California Wage Class
(Cal. Lab. Code §§ 1182.11, 1182.12, 1194) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FIFTH CAUSE OF ACTION
Failure to Reimburse Employee Expenses and/or Prohibited Cash Bond
(Cal. Lab. Code §§ 2802, 400-410) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

SIXTH CAUSE OF ACTION
Chargebacks
(Cal. Lab. Code §§ 221, 400-410) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

SEVENTH CAUSE OF ACTION
Meal and Break Rests
(Cal. Lab. Code §§ 1198, 226.7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

EIGHTH CAUSE OF ACTION
Waiting Time Penalties
(Cal. Lab. Code § 203) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

NINTH CAUSE OF ACTION
Pay Stub Violations
(Cal. Lab. Code § 226) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TENTH CAUSE OF ACTION
Conversion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

ELEVENTH CAUSE OF ACTION
Unfair Competition Law - California Wage Class
(Cal. Bus. & Prof. Code § 17200 *et seq.*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

VII.   PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1    Plaintiffs THOMAS LA PARNE and EMILE BOUARI, on behalf of themselves
2    and all other similarly situated aggrieved employees ("Plaintiffs"), allege as follows:

3    **I.    INTRODUCTION**

4        1.    Plaintiffs bring this action as a collective action under the Federal Fair
5    Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and as a class action pursuant
6    to Rule 23, Federal Rules of Civil Procedure, on behalf of themselves and all other
7    persons similarly situated who suffered damages as a result of Defendants' violations of
8    the FLSA and of the California Labor Code, and as a result of other wrongful conduct
9    and improper labor practices committed by Defendants.

10       2.    As alleged in more detail below, Plaintiffs were employed by Defendants to
11   sell commodities, including gold and silver.  Defendants paid Plaintiffs on an "index" or
12   commission basis with no guarantee of a minimum wage, and no premium pay for
13   overtime.  Defendants also failed to provide meal or rest breaks for Plaintiffs, made
14   unlawful deductions from wages already earned by Plaintiffs, failed to reimburse business
15   expenses incurred by Plaintiffs, and failed to provide Plaintiffs with accurate and
16   complete pay stubs.  For those employees who no longer work for Defendants,
17   Defendants failed to timely pay those employees all compensation due and owing upon
18   termination or resignation.  Plaintiffs bring this action to recover all compensation owed,
19   and for other relief specified below.

20   **II.    JURISDICTION AND VENUE**

21       3.    This Court has jurisdiction over the claims asserted in this action pursuant
22   to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental
23   jurisdiction of state law claims.

24       4.    Venue is proper in this District, as the named Plaintiffs were employed in
25   this District by Defendants and said Defendants maintain offices in the City of Newport
26   Beach, Orange County, and the events alleged herein occurred in this location as well as
27   elsewhere in the State of California.

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

COMPLAINT
1

## III.   PARTIES

5.     At all relevant times herein, Plaintiff THOMAS LA PARNE was employed by Defendants as a sales representative dealing in gold and other commodities under a series of successive written agreements.

6.     At all relevant times herein, Plaintiff EMILE BOUARI was employed by Defendants as a sales representative dealing in gold and other commodities under a series of successive written agreements.

7.     At all times relevant herein, Defendants MONEX DEPOSIT COMPANY and MONEX CREDIT COMPANY were California Limited Partnerships with their principal place of business in Newport Beach, California.  Defendant METCO MANAGEMENT CORPORATION is a California corporation and the general partner of Defendant MONEX CREDIT COMPANY.  Defendant COMCO MANAGEMENT CORPORATION is a California corporation and the general partner of Defendant MONEX DEPOSIT COMPANY.  All named Defendants are referred to hereinafter collectively as "MONEX."

8.     MONEX employed Plaintiffs as sales representatives to sell gold and other commodities on behalf of Defendants.  MONEX employs and has employed in excess of 100 sales representatives in the State of California within the relevant statutory limitations period, and Plaintiffs are informed and believe that the classes they seek to represent far exceed that number of total participants during the relevant statute of limitations period.

9.     Defendants are individually as well as jointly and severally liable as the employer of the Plaintiffs and each Plaintiff class member, because each Defendant directly or indirectly, or through an agent or other person, employed or exercised control over the wages, hours, and/or working conditions of Plaintiffs.

10.    Unless otherwise alleged in this complaint, Plaintiffs are informed and believe, and on that basis allege, that at all times material, each Defendant was the agent

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1 and employee of its co-defendants, and in doing the things alleged in this complaint was
2 acting within the course and scope of that agency and employment.

3    11.    The true names and capacities of defendants sued as Does are unknown to
4 Plaintiffs, but Plaintiffs will amend their complaint when and if the true names of said
5 defendants become known to them. Plaintiffs are informed and believe and thereon
6 allege that each of the defendants sued herein as a Doe is responsible in some manner for
7 the events and occurrences referred to herein, and any reference to "MONEX,"
8 "Defendant" or "Defendants" shall mean "Defendants and each of them".

9 **IV.    CLASS AND COLLECTIVE ACTION ALLEGATIONS**

10    12.    Plaintiff THOMAS LA PARNE and EMILE BOUARI bring this action on
11 behalf of themselves, all aggrieved persons employed by the Defendants and the class of
12 all persons similarly situated. Plaintiffs seek to represent all current and former
13 employees of Defendants who sold and/or marketed gold and other commodities and
14 other financial products sold by the Defendants, including but not limited to employees
15 with the job title of "sales representative," who were paid on an "index" or commission
16 basis, and to whom Defendants failed to pay all wages due under federal and California
17 law. These individuals are collectively referred to herein as "Sales Representatives."

18    13.    The group and classes of Sales Representatives that Plaintiffs seek to
19 represent are:

20        a.    The "FLSA Collective Group," which consists of all Sales
21              Representatives employed by Defendants at any time since March
22              14, 2005 (the "FLSA Eligibility Period"), who timely opt in to any
23              such collective group; and

24        b.    The "California Wage Class," defined as all Sales Representatives
25              who were paid on an "index" or commission basis within four years
26              immediately preceding the filing of this complaint until the date of
27              judgment after trial herein, and who have not been fully compensated

28

❀
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   for their work in accordance with the California Labor Code because

2   defendants (i) failed to compensate them for overtime hours in

3   excess of forty hours per week or eight hours per day at any point

4   during that period; (ii) failed to pay them the California minimum

5   hourly wage; (iii) failed to reimburse them for employee expenses;

6   (iv) unlawfully charged back commissions already earned; (v) failed

7   to provide Sales Representatives with meal and rest breaks, and did

8   not pay those Sales Representatives an hour of premium pay when a

9   meal break or a rest break was not provided; and/or (vi) failed to

10   timely pay Sales Representatives all compensation due and owing

11   upon termination or resignation.

12   c.   The "California Pay Stub Class," consisting of all Sales

13   Representatives  who received pay stubs from Defendants that

14   omitted required information or were otherwise inaccurate, within

15   four years immediately preceding the filing of this complaint until

16   the date of judgment after trial herein.

17   14.   All members of the FLSA Collective Group are similarly situated to the

18   other members thereof because they all:  (a) worked for Defendants as salespersons in

19   gold, silver, and other commodities; (b) functioned exclusively or primarily as inside

20   salespersons; (c) had limited or no administrative responsibilities; (d) were not and are

21   not professionals within the meaning of FLSA; (e) were compensated on an "index" or

22   commission basis without receiving a minimum wage; and (f) worked overtime hours

23   without receiving overtime compensation.  As a result, there are questions of law and fact

24   common to the Plaintiffs and the other members of the FLSA Collective Group.

25   Therefore, the Plaintiffs have a well-defined community of interest with and are adequate

26   representatives of the FLSA Collective Group.

27

28

15.     The following questions of law and fact common to the FLSA Collective Group predominate over questions that may affect only individual members of the FLSA Collective Group:

a.     Whether Defendants failed to adequately compensate the members of the FLSA Collective Group for overtime hours worked as required by the FLSA;

b.     Whether Defendants failed at any time to pay the statutory minimum wage to members of the FLSA Collective Group;

c.     Whether Defendants have willfully violated the overtime provisions of the FLSA; and

d.     Whether the members of the FLSA Collective Group have been damaged and, if so, the extent of such damages.

16.     Plaintiffs are informed and believe that there are more than 100 people within each of the above described groups and classes, and each group and class is so numerous that joinder is impractical.

17.     There is a well-defined community of interest in the questions of law and fact affecting the California Wage Class as a whole, and common questions of law and fact apply to all California Wage Class members as stated herein, including:

a.     Whether Defendants have engaged in a pattern and/or practice of not paying overtime to Sales Representatives who work and/or have worked in excess of eight (8) hours per day and/or forty (40) hours per week;

b.     Whether Defendants engaged in a pattern and/or practice of paying Sales Representatives on an "index" or commission basis, resulting in a failure to pay Sales Representatives the California minimum wage for certain pay periods;

1         c.    Whether Defendants have engaged in a pattern and/or practice of

2              refusing to pay and/or reimburse employees for normal business

3              expenses that they incurred on their employer's behalf, in the course

4              of performing their jobs;

5         d.    Whether Defendants have engaged in a pattern and/or practice of

6              deducting from wages already earned and/or paid, on account of

7              claims of loss by Defendants' customers or for other reasons

8              arbitrarily imposed by Defendants;

9         e.    Whether Defendants have engaged in a pattern and/or practice of

10            failing to permit meal and rest periods as required by California law;

11         f.     Whether Defendants failed to keep true and accurate time records for

12            all hours worked by their employees; and

13         g.    Whether Defendants failed to timely pay Sales Representatives all

14            compensation due and owing upon termination or resignation.

15    18.    There is a well-defined community of interest in the questions of law and

16 fact affecting the California Pay Stub Class as a whole, and common questions of law and

17 fact apply to all California Pay Stub Class members as stated herein, and include whether

18 Defendants failed to provide Sales Representatives with, and failed to maintain, true and

19 accurate pay stub information as required by law.

20    19.    The claims of the named Plaintiffs are typical of the claims of all members

21 of the FLSA Collective Group, the California Pay Stub Class, and the California Wage

22 Class. Furthermore, the named Plaintiffs and their counsel will fairly and adequately

23 protect the interests of the classes and the collective group.

24    20.    Class action treatment is superior to the alternatives for the fair and efficient

25 adjudication of the controversy alleged herein. Such treatment will permit a large number

26 of similarly situated persons to prosecute their common claims in a single forum

27 simultaneously, efficiently, and without the duplication of effort and expense that

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1 | numerous individual actions would entail. Joinder of all members is impractical, and the
2 | amounts at stake for many of the Class members, while substantial, are insufficient to
3 | enable them to maintain separate suits against Defendants. No difficulties are likely to be
4 | encountered in the management of this class action that would preclude its maintenance
5 | as a class action, and no superior alternative exists for the fair and efficient adjudication
6 | of this controversy. The Classes are readily identifiable from Defendants' records.

7 |      21.     Defendants have acted on grounds generally applicable to each Class,
8 | thereby making final injunctive relief or corresponding declaratory relief appropriate with
9 | respect to the Classes as a whole. Prosecution of separate actions by individual members
10 | of the Classes would create the risk of inconsistent or varying adjudications with respect
11 | to individual members of the Classes that would establish incompatible standards of
12 | conduct for Defendants.

13 |      22.     Without a class action, Defendants will likely retain the benefits of their
14 | wrongdoing and will continue a course of action, which will result in further damages to
15 | Class members.

16 | **V.**    **FACTUAL ALLEGATIONS**

17 |      23.     Defendants sell gold and other commodities and financial products by and
18 | through their Sales Representatives throughout the United States.

19 |      24.     Plaintiffs THOMAS LA PARNE and EMILE BOUARI, like each Sales
20 | Representative, were inside salespersons whom Defendants paid on an "index" or
21 | commission basis without any premium for overtime pay as required by law.

22 |      25.     Plaintiffs LA PARNE and BOUARI regularly worked in excess of eight
23 | hours per day, and 40 hours per week, without receiving any premium pay for those
24 | overtime hours.

25 |      26.     During certain pay periods, Defendants failed to pay LA PARNE either the
26 | federal or California minimum wage.

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

27.    Over the course of their employment with Defendants, Plaintiffs LA PARNE and BOUARI incurred significant business-related expenses, including expenses incurred in meeting with clients and for work-related conferences.  Defendants did not reimburse Plaintiffs for such expenses.

28.    If a customer and/or Defendants challenged the transactions done for their benefit by Plaintiffs LA PARNE and BOUARI, or for other reasons arbitrarily imposed by Defendants, Defendants would deduct a penalty, and/or the amount of any purported loss, from the commissions or other compensation due Plaintiffs LA PARNE and BOUARI, without regard to whether the losses were caused by a dishonest, willful, or grossly negligent act of the Plaintiffs.

29.    Defendants did not provide Plaintiffs LA PARNE and BOUARI with the meal and rest breaks required by California law, and did not pay Plaintiffs the statutorily required premium pay for each meal break or rest break that was not provided.

30.    When Plaintiffs LA PARNE's and BOUARI's employment with Defendants ended, Defendants did not timely pay them all wages they were owed, including, without limitation, unpaid overtime wages and compensation for meal and rest breaks that Defendants had failed to provide.

31.    Defendants failed to provide LA PARNE and BOUARI with pay stubs that included all information required under California law.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Failure to Pay Overtime to the FLSA Collective Group

### (FLSA, 29 U.S.C. § 207)

32.    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

33.    Defendants have failed to pay overtime wages to members of the FLSA Collective Group, in violation of FLSA Section 207.

34.     Section 207(a)(1) of the FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

35.     Sales Representatives, including Plaintiffs, regularly worked more than 40 hours per week, and were and are compensated on an "index" or commission basis with no base salary and no premium pay for hours worked in excess of 40 per week.

36.     Sales Representatives compensated on an "index" or commission basis, including Plaintiffs, are not exempt under federal law from the requirement of overtime premium pay. Specifically, Sales Representatives are not exempt as commissioned inside retail sales employees under federal law.

37.     Section 7(i) of the Fair Labor Standards Act, 29 U.S.C. § 207(i), provides in relevant part that certain employees of "*a retail or service establishment*" who are compensated on a commission basis are exempt from overtime wage requirements.

38.     The Secretary of Labor's regulations, at 29 C.F.R. § 779.317, state that "[b]rokers, custom house; freight brokers; insurance brokers, stock *or commodity brokers*" lack a "retail concept," and therefore commodities sales representatives are not exempt under Section 7(i) of the Fair Labor Standards Act.

39.     Furthermore, the Secretary of Labor has determined that because the purchaser of commodities and other financial products is buying them for a business or profit-making purpose, such products are not retail products.

40.     In addition, the members of the FLSA Collective Group cannot qualify under any other "white collar" exemption of federal law because they are not paid on a salary basis, but instead are paid solely on the basis of an "index" or commission. As stated by the United Stated Department of Labor in its regulations, at 29 C.F.R. 541.602(a), in relevant part:

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.  Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.

41.    Accordingly, Defendants were required to compensate Plaintiffs for all overtime worked.  Defendants failed to do so, and Plaintiffs are now entitled to recover overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not so compensated and an additional equal amount as liquidated damages, plus interest and attorneys' fees as provided by law.

42.    In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to Plaintiffs and other members of the FLSA Collective Group.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wage

### (FLSA, 29 U.S.C. § 206)

43.    Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

44.    Defendant has failed to pay the minimum wage to members of the FLSA Collective Group, in violation of 29 U.S.C. section 206.

45.    Section 206(a)(1) of the FLSA provides, in pertinent part:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than--

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

(A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007];

(B) $ 6.55 an hour, beginning 12 months after that 60th day; and

(C) $ 7.25 an hour, beginning 24 months after that 60th day[.]

29 U.S.C. § 206(a)(1).  Prior to enactment of the Fair Minimum Wage Act of 2007, and after September 1, 1997, the minimum wage was $5.15 an hour.

46.     Sales Representatives, including Plaintiffs, were and are compensated on an "index" or commission basis with no base salary and no guarantee of a minimum wage.

47.     Sales Representatives compensated on an "index" or commission basis, including Plaintiffs, are not exempt under federal law from the minimum wage requirement.

48.     Accordingly, Defendants were required to compensate Plaintiffs with at least the minimum wage for all hours worked.  Defendants failed to do so, and Plaintiffs are now entitled to recover the difference between the weekly minimum wage and the compensation actually received for every week for which Defendants failed to pay Plaintiffs the minimum wage, and an additional equal amount as liquidated damages, plus interest and attorneys' fees as provided by law.

49.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay the minimum wage to Plaintiffs and other members of the FLSA Collective Group.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime to the California Wage Class

### (Cal. Lab. Code §§ 510, 1194)

50.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

51.     Defendants have failed to pay overtime wages to Plaintiffs and other members of the California Wage Class, in violation of California Labor Code sections 510 and 1194.

52.     California Labor Code section 510(a) states in relevant part:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

53.     As used in Section 510(a), the "regular rate of pay" for Sales Representatives, including Plaintiffs, who work forty or more hours per week, is their total pay for a given week, including commissions, divided by forty.

54.     Sales Representatives, including Plaintiffs, regularly work more than eight hours per day and forty hours per week, and are compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of eight per day or forty per week.

55.     Sales Representatives compensated on an "index" or commission basis, including Plaintiffs, are not exempt under California law from the requirement of overtime premium pay.

56.     Specifically, the members of the California Wage Class cannot qualify under any "white collar" exemption of California law because they are not paid on a salary basis, but instead are paid solely on the basis of commission.  As stated by California Labor Code section 515(a), in relevant part (with emphasis added):

> The Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test

of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, ***and earns a monthly salary*** equivalent to no less than two times the state minimum wage for full-time employment.

57.     Accordingly, Defendants were required to compensate Plaintiffs for all overtime worked, as defined by Labor Code section 510(a).  Defendants failed to do so, and pursuant to California Labor Code section 1194(a), Plaintiffs are now entitled to recover "the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

58.     Therefore, Plaintiffs demand they be paid overtime compensation as required by Cal. Lab. Code § 510(a) for every month they were not paid on a salary basis, plus interest and attorneys' fees and costs as provided by law.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wage to the California Wage Class

### (Cal. Lab. Code §§ 1182.11, 1182.12, 1194)

59.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

60.     Defendants have failed to pay the minimum wage to Plaintiffs and other members of the California Wage Class, in violation of California Labor Code sections 1182.11, 1182.12, and 1194.

61.     California Labor Code section 1182.11 states, in relevant part:

Notwithstanding any other provision of this part, on and after March 1, 1997, the minimum wage for all industries shall not be less than five dollars ($5.00) per hour; on and after March 1, 1998, the minimum wage for all industries shall not be less than five dollars and seventy-five cents ($5.75) per hour.

62.     California Labor Code section 1182.12 states, in relevant part:

Notwithstanding any other provision of this part, on and after January 1, 2007, the minimum wage for all industries shall be not less than seven dollars and fifty cents ($7.50) per hour, and on and after January 1, 2008, the minimum wage for all industries shall be not less than eight dollars ($8.00) per hour.

63.     Sales Representatives, including Plaintiffs and members of the California Wage Class, are compensated on an "index" or commission basis with no base salary and consequently are paid less than minimum wage during certain pay periods.

64.     Sales Representatives compensated on a commission basis, including Plaintiffs, are not exempt under California law from the minimum wage requirement.

65.     Accordingly, Defendants were required to compensate Plaintiffs with at least the minimum wage for all hours worked.  Defendants failed to do so, and pursuant to California Labor Code section 1194(a), Plaintiffs are now entitled to recover "the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

66.     Therefore, Plaintiffs demand they be paid the unpaid balance of minimum wage compensation for every hour they were not paid minimum wage, plus liquidated damages, interest and attorneys' fees and costs as provided by law.

## FIFTH CAUSE OF ACTION

**Failure to Reimburse Employee Expenses and/or Prohibited Cash Bond**

**(Cal. Lab. Code §§ 2802, 400-410)**

67.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

68.     California Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

69.     California Labor Code section 406 states:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

70. California Labor Code section 407 states:

> Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment.

71. Defendants required Plaintiffs and other members of the California Wage Class to pay Defendants' normal business expenses.

72. Said payments were expenditures and losses which were incurred in direct consequence of the discharge of Plaintiffs' duties, or of their obedience to the directions of the employer, and said payments were not reimbursed by Defendants.

73. Alternatively, said payments were forced contributions to the capital and expenses of the Defendants' business; such contributions are legally a cash bond and must be refunded by Defendants to each Plaintiff class member, with interest.

74. California Labor Code sub-sections 2802(b) and (c) provide for recovery of interest at the statutory post-judgment rate of 10% simple interest per annum from the date of the expenditure, plus the attorneys' fees and costs required to collect reimbursement.

75. Plaintiffs demand, on behalf of the California Wage Class, reimbursement for expenditures or losses they incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, and return of all cash bonds or other coerced investments in the business of the employer, with interest at the statutory rate, and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Chargebacks

### (Cal. Lab. Code §§ 221, 400-410)

76. Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

///

///

77.   California Labor Code section 200 states:

> As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

78.   Section 8 of the Order of the Industrial Wage Commission, 8 CCR 11040(8) (Professional, Technical, *et al.*), states that "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

79.   Defendants systematically underpaid their employees, including Plaintiffs and the California Wage Class, by holding back a significant portion of earned commissions, and then either paying the wages later than the time required under Labor Code section 204 or simply not paying them at all. Defendants also deducted minimum wages previously paid from commissions earned thereafter.

80.   Defendants thus did not pay Plaintiffs all wages due as required by California Labor Code section 204, and made unlawful collections of wages previously paid in violation of California Labor Code section 221.

81.   Therefore, Plaintiffs demand an accounting and payment of all wages due, plus interest, as provided under California Labor Code section 218.6, and attorneys' fees allowed by law.

## **SEVENTH CAUSE OF ACTION:**

### **Meal and Break Rests**

### **(Cal. Lab. Code §§ 1198, 226.7)**

82.   Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

83. California Labor Code section 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

84. California Labor Code section 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

85. Section 12 of Order 4 of the Industrial Wage Commission (8 CCR 11040) states, in pertinent part:

> Rest Periods:   (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

86. By failing to provide a rest and/or meal period without any work or duties for employees, including Plaintiffs LA PARNE and BOUARI and California Wage Class members, who worked more than 3 and one half (3.5) hours per day, Defendants have violated the provisions of California Labor Code section 226.7.

87. Wherefore, Plaintiffs demand one hour compensation per missed meal break and per missed rest period as premium pay.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

## EIGHTH CAUSE OF ACTION

### Waiting Time Penalties

### (Cal. Lab. Code § 203)

88.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

89.     California Labor Code section 202 provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

90.     California Labor Code section 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

91.     Many of the California Wage Class members, including Plaintiffs LA PARNE and BOUARI, have ended their employment with Defendants, and Defendants have not timely tendered all wages owed such class members.

92.     Therefore, Plaintiffs and California Wage Class members whose employment with Defendants has ended demand thirty days of pay as a statutory penalty for not paying all wages due at the time of termination, or within 72 hours of resignation, as provided by California Labor Code sections 202 and 203.

## NINTH CAUSE OF ACTION

### Pay Stub Violations

### (Cal. Lab. Code § 226)

93.     Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth in full herein.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

94.     California Labor Code section 226 provides, in part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

95.     Because the pay stubs or other records provided by Defendants to Plaintiffs and other members of the California Pay Stub Class omitted required information pertaining to statutory compensation for meal breaks and rest periods not given, pertaining to unlawful charge backs, pertaining to unpaid overtime compensation, and pertaining to any other compensation unlawfully withheld as alleged in this complaint, Defendants failed to provide accurate pay stubs or other records to Plaintiffs as required by the foregoing statute, and owe penalties to Plaintiffs and the Pay Stub Class as provided by Labor Code section 226(e) in an amount to be proven at trial.

96.     Further, California Labor Code section 226(e) provides that in any action brought for payment of the penalties provided herein, the court shall award reasonable attorneys' fees and costs to an employee suffering injury.  Plaintiffs demand such fees and costs.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1

2

## TENTH CAUSE OF ACTION

### Conversion

3      97.    Plaintiffs refer to each and every Paragraph stated hereinabove and by
4  reference thereto incorporate the same herein.

5      98.    Pursuant to statute, including but not limited to California Labor Code
6  section 204, employers such as Defendants must pay wages to their employees on the next
7  payday after such wages are earned.

8      99.    Defendants failed and refused to pay overtime wages and other wages owed
9  to Plaintiffs and the California Wage Class members on the next payday after Plaintiffs
10  and Class members earned such wages.

11      100.    At the time wages were due and payable by Defendants to Plaintiffs and
12  California Wage Class members, the unpaid wages became the property of Plaintiffs and
13  the Class members.  Plaintiffs and the Class members had a right to possess their
14  property.  By failing to pay the earned wages to Plaintiffs and Class members when due,
15  Defendants wrongfully converted the property to their own use.

16      101.    The amount of wages converted by Defendants from Plaintiffs and the
17  Class members is specific and certain based on the number of uncompensated overtime
18  hours worked and the other wages due and owing.

19      102.    By failing to pay the wages on the appropriate payday and retaining the
20  sums earned by Class members, Defendants thereby wrongfully exercised dominion and
21  control over Plaintiffs' and the Class members' property.  Once Defendants thereafter
22  applied the monies to their own use, the conversion was complete.  Plaintiffs and the
23  Class members have been denied the possession, use, and enjoyment of said monies.
24  Accordingly, Plaintiffs and the California Wage Class members have been damaged in an
25  amount according to proof for each Class member.  In failing to pay overtime
26  compensation and other wages to each Class member and retaining the wages for their
27  own use, Defendants have acted with malice, oppression, and/or conscious disregard for

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**COMPLAINT**
20

1  the statutory rights of Plaintiffs and Class members.  Such wrongful and intentional acts,

2  given the number of victims and the number of acts, justify an award of punitive

3  damages.

4  ## ELEVENTH CAUSE OF ACTION

5  ### Unfair Competition Law - California Wage Class

6  ### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

7  103.  Plaintiffs refer to each and every Paragraph stated hereinabove and by

8  reference thereto incorporate the same herein.

9  104.  California's Unfair Competition Law, Business and Professions Code

10  sections 17200 *et seq.*, provides, in pertinent part:  "As used in this chapter, unfair

11  competition shall mean and include any unlawful or fraudulent business act or practice

12  and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter

13  1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and

14  Professions Code."

15  105.  As described above, Defendants and each of them have acted unlawfully

16  and unfairly, for purposes of Business and Professions Code section 17200, by violating

17  various provisions of the California Labor Code, as described above.

18  106.  California Business & Professions Code section 17204 provides, inter alia,

19  that an action for violation of California's Unfair Competition Law may be brought by

20  any person who has suffered injury in fact and has lost money or property as a result of

21  the unfair competition.

22  107.  The California Wage Class is comprised of persons, including Plaintiffs,

23  who have suffered injury in fact and have lost money or property as a result of the unfair

24  competition at the hands of Defendants, and bring this action for restitution based on

25  Defendants' unlawful failure to pay overtime wages due and other unfair and unlawful

26  practices.

27

28

1    108.   For Defendants' violations of the Unfair Competition Law, this Court

2 should issue equitable and injunctive relief pursuant to California Business and

3 Professions Code section 1703, including restitution of wages wrongfully withheld.

4    109.   Unless enjoined, Defendants, and each of them, will continue to fail to pay

5 wages to Sales Representatives as required by law.

6    110.   Plaintiffs seek an order of Court enjoining Defendants, and each of them,

7 from engaging in the following unlawful business practices: (i) failing to compensate

8 Sales Representatives for overtime hours in excess of forty hours per week or eight hours

9 per day; (ii) failing to pay Sales Representatives the California and federal minimum

10 hourly wage; (iii) failing to reimburse Sales Representatives for employee expenses; (iv)

11 unlawfully charging back commissions already earned; (v) failing to provide Sales

12 Representatives with meal and rest breaks, and failing to pay those Sales Representatives

13 an hour of premium pay when a meal break or a rest break was not provided; (vi) failing

14 to timely pay Sales Representatives all compensation due and owing upon termination or

15 resignation; and/or (vii) failing to provide Sales Representatives with accurate pay stubs

16 containing all information required by law.

17    111.   Plaintiffs further request an order requiring that Defendants make search of

18 their records and make full restitution to all employees for all commissions unlawfully

19 retained from employees employed by Defendants or any of them within the State of

20 California within four years before the filing of this complaint until the date of entry of

21 judgment after trial.

22    112.   Plaintiffs further request an order requiring Defendants to search their

23 records to identify all unpaid commissions they have assessed against California Wage

24 Class members, which Defendants shall hold in an equitable, constructive and/or resulting

25 trust for the benefit of employees for whom restitution is owed and unpaid, to be paid to

26 each such individual that the Defendants can locate, and the remainder of which shall be

27 deposited with the Labor Commissioner as Trustee for the Industrial Relations Unpaid

28

1  Wage Fund of the State of California pursuant to California Labor Code sections 96.6 and

2  96.7, with the names, last known address, and social security number of each remaining

3  unpaid class member, or, if the Labor Commissioner will not accept these funds, then to

4  the Employee Rights Advocacy Institute for Law and Policy (a not for profit organization

5  located in San Francisco dedicated to promoting the employment rights of workers), in

6  the manner provided by California Code of Civil Procedure section 384.

7  **VII.   PRAYER FOR RELIEF**

8      Wherefore, Plaintiffs demand judgment against Defendants and each of them, as

9  hereinafter set forth, including:

10     1.     A declaration that Defendants have violated the FLSA and the California

11  Labor Code to Plaintiffs' detriment;

12     2.     An Order certifying the FLSA Collective Group and designating this action

13  as a collective action pursuant to the FLSA;

14     3.     An Order certifying the California Wage Class and the California Pay Stub

15  Class and designating this action as a class action pursuant to Federal Rule of Civil

16  Procedure 23;

17     4.     An Order appointing Plaintiffs and their counsel to represent the Federal

18  Collective Group, the California Wage Class, and the California Pay Stub Class, as

19  defined in this Complaint;

20     5.     Compensatory damages according to proof, representing both regular and

21  overtime wages due FLSA Collective Group members and California Wage Class

22  members, plus interest at the statutory rate;

23     6.     Liquidated damages due the FLSA Collective Group members;

24     7.     Restitution according to proof, representing both regular and overtime

25  wages due California Wage Class members, plus interest at the statutory rate, for the four

26  years prior to the filing of this complaint and continuing to the date of judgment after

27  trial;

28

8.    Liquidated damages due California Wage Class members for failure to pay the minimum wage;

9.    Restitution and reimbursement of all employee expenses not reimbursed pursuant to California Labor Code section 2802;

10.   Restitution and reimbursement of all sums charged back to California Wage Class members from commissions already earned;

11.   Compensation in the amount of one hour of wages for each meal break and rest break that Defendants did not provide California Wage Class members;

12.   Waiting time penalties as provided by California Labor Code section 203;

13.   Penalties for failure to provide accurate pay stubs to California Wage Class members;

14.   Punitive damages according to proof;

15.   An order enjoining Defendants from engaging in the unlawful conduct herein alleged;

16.   Reasonable attorneys' fees and costs of the suit herein;

17.   Interest at the statutory rate of 10% per annum simple interest; and

18.   Such other relief as the Court deems just and proper.


Dated:  March 17, 2008            **COTCHETT, PITRE & McCARTHY**

**LAW OFFICES OF ALEXANDER G. VAN BROEK**

**LAW OFFICES OF JOHN M. KELSON**

By: _____
NIALL P. McCARTHY
*Attorneys for Plaintiffs and Plaintiff Class*

1  <u>**DEMAND FOR JURY TRIAL**</u>

2      Plaintiffs, on behalf of themselves and all others similarly situated, hereby request

3  a jury trial on the claims so triable.

4

5  Dated:  March 17, 2008          **COTCHETT, PITRE & McCARTHY**

6                                  **LAW OFFICES OF ALEXANDER G. VAN BROEK**

7

                                    **LAW OFFICES OF JOHN M. KELSON**

8

9                                  By:

10                                     NIALL P. McCARTHY
                                       *Attorneys for Plaintiffs and Plaintiff Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28