UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THOMAS LA PARNE and EMILE BOUARI, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONEX DEPOSIT COMPANY, a California limited partnership; COMCO MANAGEMENT CORPORATION, a California corporation; MONEX CREDIT COMPANY, a California limited partnership; METCO MANAGEMENT CORPORATION; and Does 1 through 10,<br><br>Defendants. | Case No. SACV08-00302 DOC (MLGx)<br><br>CLASS ACTION<br><br>**PROTECTIVE ORDER** |

*The Court adopts the following, modified version of the parties' proposed protective order:*

WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the parties desire to protect the confidentiality of such documents and information consistent with applicable law, to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

**1. DEFINITIONS**

As used in this Protective Order:

a. The term "Person" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing.

b. The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the California Evidence Code and/or the Federal Rules of Civil Procedure.

c. The term "Provide" means the production, delivery, or transfer of any Material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

d. The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably, under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure, believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein: social security numbers; tax returns and schedules; W-2s; W-9s; and 1099s; nonpublic information concerning Defendants' finances and business operations; and any other information required by law to be kept confidential.

e. The term "Action" means the case entitled *Thomas La Parne and Emile Bouari v. Monex Deposit Company et al.*, United States District Court, Central District of California, Case No. SACV08-302 DOC (MLGx).

f. The term "Plaintiffs" means Plaintiffs Thomas La Parne and Emile Bouari, and any person or entity purporting to act on their behalf.

g. The term "Defendants" means Defendants Monex Deposit Company, Comco Management Corporation, Monex Credit Company, and Metco Management Corporation, and any such additional defendants as may be named if the complaint herein is amended after entry of this Protective Order, and Defendants' agents, managers, officers, directors, subsidiaries, parent companies, and divisions.

## 2. DESIGNATION/DISCLOSURE OF CONFIDENTIAL MATERIAL

a. Manner and Timing of Designation. The parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "CONFIDENTIAL" or a similar legend. Portions of deposition testimony and transcripts may be designated "CONFIDENTIAL" pursuant to the provisions of Paragraph 3, below.

b. Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates Materials for protection under this Protective Order must take care to limit any such designation to specific Materials that qualify under the appropriate standards set forth in this Agreement. A designating party must take care to designate for protection only those parts of Materials that qualify so that, where applicable, other portions of the Materials for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a party's attention or a non-party's attention that Materials it has designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

c. Permitted Disclosures. Material designated as "CONFIDENTIAL" shall not be used for any purpose other than the prosecution or defense of the Action by the party or parties receiving such Material in discovery. Material designated as "CONFIDENTIAL" may be Provided, exhibited, or disclosed only to the following persons:

   i) Parties to the Action (Plaintiffs and Defendants);
   ii) Outside counsel of record engaged in the prosecution or defense of this litigation for the parties, including the paralegals, legal assistants, stenographic, or clerical employees who assist such counsel;
   iii) In-house counsel of any party engaged in the prosecution or defense of this litigation for the parties, including the paralegals, legal assistants, stenographic, or clerical employees who assist such counsel;
   iv) Outside experts (including without limitation, any translators), consultants, or investigators retained by the parties or their counsel of record in connection with this litigation under the conditions described in Paragraph 6 below;
   v) Defendants' former and current employees, under the conditions described in Paragraph 6 below;
   vi) Court reporters, videographers, or other professional vendors engaged for this litigation, and their staff;
   vii) The United States District Court, Central District of California, and its personnel, or other persons acting on its behalf, including without limitation members of any jury that may serve in proceedings in the Action; and
   viii) Persons in the circumstances identified in Paragraph 3.d, below.

    d.    Restrictions on Use. Persons to whom Material designated as "CONFIDENTIAL" is to be Provided, exhibited, or disclosed pursuant to this Paragraph 2 must have (a) read this order; (b) agreed to be bound by the terms thereof, (c) agreed to maintain said information in confidence, (d) agreed not to disclose the same except as permitted by this Paragraph 2, and (e) agreed to use said information solely for purposes of the prosecution and defense of this litigation and not for any business, competitive or other purposes whatsoever. Notwithstanding the foregoing, the United States District Court, Central District of California, and its personnel, or other persons acting on its behalf, are not subject to the provisions in this Paragraph 2.d.

## 3. DEPOSITIONS

    a.    The parties may designate any information disclosed during depositions as "CONFIDENTIAL" either on the record at the deposition or within 15 calendar days after completion of the deposition transcript.

    b.    Designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" shall be made as follows: Upon review of the transcript by counsel for the party to whose information the contents of the deposition relate, that counsel shall designate within 15 calendar days after counsel's receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as "CONFIDENTIAL." Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing designated information, and mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within 15 calendar days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

    c.    In the event that any question is asked at a deposition that calls for the disclosure of Materials or information designated "CONFIDENTIAL," the witness shall nevertheless answer such question, unless otherwise instructed not to, provided that the only Persons in attendance at the deposition are Persons to whom such information may be disclosed pursuant to this Protective Order.

    d.    A person not otherwise authorized to be shown information or documents designated "CONFIDENTIAL" under this Protective Order may be examined as a witness at deposition and may be shown and may testify concerning any such information or documents as follows:

        i)    A non-party who has had any contact or relationship with a party may be examined, may be shown, may be interviewed, and may testify:
            (1)    Concerning any Material containing "CONFIDENTIAL" information that appears on its face to have been

      communicated between the non-party and any party; and
  (2)  Concerning any "CONFIDENTIAL" information of a party that documentary or testimonial evidence indicates was communicate between the non-party and the party.

## 4. INADVERTENT DISCLOSURE

 a. If a producing Person or party inadvertently fails to stamp or otherwise appropriately designate certain documents or information as "CONFIDENTIAL" upon production or disclosure, the producing Person or any other party may thereafter designate by promptly giving written notice to all parties that the Material is to be so designated. All parties shall then stamp or otherwise mark the designated Material with a "CONFIDENTIAL" or similar legend.

 b. To the extent provided by law, the inadvertent production of any privileged or otherwise protected Materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product Materials, or the subject matter thereof. Upon receiving notice from a producing Person or party that Materials have been inadvertently produced, all such Materials (including all copies) shall be returned to the producing Person or party within five (5) business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

## 5. CHALLENGE TO CONFIDENTIALITY DESIGNATION

A party may challenge another Person's or party's designation of Material as "CONFIDENTIAL" under this Protective Order by notifying the producing party in writing of the challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is closed. Otherwise, any such challenge must be made, if at all, within 30 days of the producing party's designation of such Material. Within 14 days of receipt, the parties shall meet-and-confer telephonically or in person regarding the challenge in an effort to resolve the matter informally. If the parties are unable to resolve the matter informally, the challenging party may move the Court to determine the propriety of the challenge. To prevent the improper disclosure of any Confidential Information, the moving party shall lodge the Material at issue under seal consistent with the procedures set forth in Central District Local Rule 79-5. Motions brought pursuant to this Paragraph must be made in strict compliance with Central District Local Rule 37-1 and 37-2. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question protection as Confidential Information.

**6. DISCLOSURE OF CONFIDENTIAL INFORMATION TO EXPERTS, CONSULTANTS, CURRENT/FORMER EMPLOYEES AND INVESTIGATORS.**

    a.    Before a party discloses Materials designated as "CONFIDENTIAL" to any expert, consultant, current or former employee or investigator, the expert, consultant, current or former employee or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit A. Once the expert, consultant, current or former employee or investigator has executed the "Agreement to be Bound by Protective Order," it shall not be necessary for that person to sign a separate statement each time he or she is subsequently given access to information or Materials designated as "CONFIDENTIAL." An expert, consultant, current or former employee or investigator that is shown Material designated as "CONFIDENTIAL" may retain copies of that Material or information subject to the provisions of Paragraph 7 below.

    b.    The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Materials designated as "CONFIDENTIAL," pursuant to this Paragraph 6 shall be maintained by the attorney of record who obtained the Agreement.

**7. COMPLETION OF LITIGATION**

Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Materials produced in discovery that are designated as "CONFIDENTIAL" shall be returned to the producing party or destroyed, at the option of the receiving party. If the receiving party elects to destroy instead of returning such Materials, the receiving party shall confirm in writing to the producing party within sixty (60) days after final termination of the Action that the Materials have been destroyed. Each party shall also ensure that all experts retained by the party to whom Materials designated as "CONFIDENTIAL" were disclosed shall return all such Materials to the party retaining such expert or, alternatively, shall confirm in writing that all such Materials have been destroyed. Returning parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, hearing transcripts, or attorney work-product. The provisions of this Protective Order restricting the dissemination, exhibition or other use of Materials designated as "CONFIDENTIAL" shall continue to be binding on any person subject to the terms of the Protective Order after conclusion of this Action.

**8. RIGHT TO SEEK RELIEF FROM THE COURT**

Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any party or person: (a) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (b) to seek to modify or obtain relief from any aspect of this Protective Order;

(c) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (d) otherwise to require that discovery be conducted according to governing laws and rules; or (e) to oppose production of any information on any ground allowed under Federal Rules of Civil Procedure, or any other state or federal law, rule or regulation. By signing this Protective Order, a producing party is not deemed to waive any objection to the production of any document. In addition, the election by any party to disclose any portion of its "CONFIDENTIAL" information to others shall not be deemed a waiver of any of the rights established by this Protective Order. The placing of any "CONFIDENTIAL" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

## 9. FILING CONFIDENTIAL INFORMATION WITH THE COURT

a.  Whenever a party files any document with the Court that contains (a) Materials that have been designated as "CONFIDENTIAL," or (b) Confidential Information of any party, the filing party shall comply with Federal Rule of Civil Procedure 26(c) and the provisions of Local Rule 79-5.

b.  A copy of this Protective Order shall either be submitted with the lodged documents or made an exhibit to the motion or application to seal.

c.  If the Court denies the motion or application for an order to file the documents under seal, the clerk must return the lodged record to the submitting party and must not place it in the case file. The submitting party, at its election, may then re-file its own Materials without a "CONFIDENTIAL" designation or may refile its papers without the inclusion of the "CONFIDENTIAL" Material at issue.

## 10. USE OF "CONFIDENTIAL" MATERIAL IN COURT

Should counsel for any party desire to use "CONFIDENTIAL" Material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to "CONFIDENTIAL" information, and any "CONFIDENTIAL" documents attached as exhibits, be filed under seal with this Court and be accorded treatment as "CONFIDENTIAL" as provided by this Protective Order. Counsel for the parties shall exercise due care not to disclose "CONFIDENTIAL" information needlessly in the public record of any proceedings.

## 11. MAINTENANCE OF "CONFIDENTIAL" MATERIAL

A person with custody of Materials designated as "CONFIDENTIAL" shall maintain them in a manner that ensures that access to them is strictly limited

to Persons entitled to receive Confidential Information in accordance with this Protective Order.

### 12. SUBPOENAS

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Materials designated in this action as "CONFIDENTIAL," the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Materials covered by the subpoena or order are the subject of a Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential Materials – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.

### 13. JURISDICTION

Upon conclusion of this litigation, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate. Counsel for the designating party shall have the opportunity to oppose any request for public inspection of Materials designated as "CONFIDENTIAL."

### 14. RIGHTS INTACT

Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information.

Dated: August 25, 2008

_____
Honorable David O. Carter
United States District Judge