1  NIALL P. McCARTHY (#160175)
   JUSTIN T. BERGER (#250346)
2  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
3  Burlingame, CA 94010
   Telephone: (650) 697-6000
4  Facsimile: (650) 697-0577
   nmccarthy@cpmlegal.com;
5  jberger@cpmlegal.com

6  ALEXANDER G. VAN BROEK (#103891)   NEIL A. GOTEINER (#83524)
   **LAW OFFICE OF**                  DOUGLAS E. DEXTER (#115868)
7  **ALEXANDER G. VAN BROEK**         DEBORAH K. BARRON (#257146)
   1999 Harrison Street, Suite 1350   **FARELLA BRAUN & MARTEL LLP**
8  Oakland, CA 94612                  235 Montgomery St #3000
   Telephone: (510) 446-1922          San Francisco, CA 94104
9  Facsimile: (510) 446-1911          Telephone: (415) 954-4440
   vanbroeklaw@earthlink.net          Facsimile: (415) 954-4480
10                                    ngoteiner@fbm.com; ddexter@fbm.com;
                                      dbarron@fbm.com
11
   JOHN M. KELSON (#75462)            THOMAS A. PISTONE (#77774)
12 **LAW OFFICES OF JOHN M. KELSON**  **PISTONE & WOLDER, LLP**
   2000 Powell Street, Suite 1425     2010 Main Street, Suite 900
13 Emeryville, CA 94608               Irvine, CA 92614-8203
   Telephone: (510) 465-1326          Telephone: (949) 864-9660
14 Facsimile: (510) 465-0871          Facsimile: (949) 622-8985
   kelsonlaw@sbcglobal.net            tpistone@pbwlaw.com
15
   *Attorneys for Plaintiffs and the Class*   *Attorneys for Defendants*

JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LA PARNE and EMILE BOUARI, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MONEX DEPOSIT COMPANY, a California limited partnership; COMCO MANAGEMENT CORPORATION, a California corporation; MONEX CREDIT COMPANY, a California limited partnership; METCO MANAGEMENT CORPORATION; and Does 1 through 10,<br><br>　　　　Defendants. | Case No. SACV08-302 DOC (MLGx)<br><br>**<u>CLASS ACTION</u>**<br><br>**FINAL JUDGMENT**<br><br>Date: February 28, 2011<br>Time: 8:30 am<br>Ctrm: 9D<br>Judge: Honorable David O. Carter |

# JUDGMENT

WHEREAS, by order dated September 23, 2010, this Court granted preliminary approval of the proposed class action settlement between the parties.

WHEREAS, the Court also approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on February 28, 2011. On that date, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named Plaintiffs' complaints on the merits and with prejudice in favor of Defendants Monex Deposit Company, Comco Management Corporation, Monex Credit Company and Metco Management Corporation ("Monex") and against all persons or entities who are Settlement Class Members; and (3) whether and in what amount to award attorney's fees and expenses to counsel for the Settlement Class, and incentive payments to the two Class Representatives.

WHEREAS the Court considered all matters submitted to it at the February 28, 2011 hearing and otherwise.

WHEREAS the Court determined by Order dated February 28, 2011, that the proposed settlement of the claims of the Settlement Class Members against Monex, as well as the release of Monex and the Released Parties, the relief provided to the Settlement Class Members as described in the Stipulation of Settlement, and an award of $2,000 to Mr. LaParne and $1,000 to Mr. Bouari as Class Representative incentive payments, are fair, reasonable and adequate, and granted Final Approval of the Settlement.

WHEREAS the Court ordered Plaintiffs to submit additional declarations and records in order to allow the Court to determine a reasonable fee award by April 29, 2011, ordered Plaintiffs to submit additional briefing by April 29, 2011, not to exceed ten pages, proposing and justifying a revised fee award, ordered Defendants to respond to Plaintiffs' additional briefing no later than May 13, 2011

in a submission not to exceed ten pages, and set a further hearing on the issue of attorneys' fees and costs for May 23, 2011.

WHEREAS the parties stipulated, and the Court Ordered via Order dated May 2, 2011, that Monex pay a total of $50,000 in attorneys' fees and costs to counsel for Plaintiffs, that the $50,000 amount is to be paid by Monex in addition to the Gross Settlement Amount, and that no portion of the $50,000 in attorneys' fees and costs shall be deducted from the Gross Settlement Amount or shall otherwise affect the amount to be paid to class members or the *cy pres* recipient pursuant to the Court's February 28, 2011 Final Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Stipulation of Settlement, including any attachments thereto, is expressly incorporated by reference into this Final Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Judgment shall have the meanings set forth in the Stipulation of Settlement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaints in the Action, and to dismiss this Action on the merits and with prejudice.

3. The parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions. The Court hereby declares that the Stipulation of Settlement is binding on all parties and Settlement Class Members.

4. Monex shall pay the attorney's fees and expenses and class representative stipends awarded within ten (10) days of the Settlement Effective Date in the manner described in the Stipulation of Settlement. Such payment by Monex will be in lieu of statutory fees Plaintiffs and/or their attorneys might

otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.

5. This Action is hereby dismissed with prejudice and without costs as against Monex and the Monex Releasees. "Monex Releasees" means Monex, each of its affiliates, and all of their predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, ERISA plans, ERISA plan administrators, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives.

6. Upon the Settlement Effective Date, the Monex Releasees (as that term is defined in the Stipulation of Settlement) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Monex Releasees.

7. The Released Claims include any and all claims, rights, Unknown Claims, demands, liabilities, costs and causes of action arising during the Class Periods in any way related to the Settlement Class Members' employment, under either state law ("State Claims Release") or federal law ("Federal Claims Release"), that Plaintiffs alleged as part of this litigation, or which Plaintiffs could have alleged as part of the conduct which was the subject of this litigation, including but not limited to the following:

(a) any and all claims for the failure to pay any type of wages and associated penalties and/or damages for purported misclassification as exempt from the overtime and minimum wage requirements under federal and state laws;

(b) any and all claims for the failure to provide meal and/or rest periods;

(c) any and all claims for violation of payroll or wage record-keeping or itemization requirements, including without limitation any claims concerning time records, the timing of wage payments, or the manner or form of wage payments;

(d) any and all claims alleging the improper assessment of costs, fines, chargebacks, deductions, business expenses, or settlements on employees,

including, without limitation, deductions or chargebacks for trade errors or support staff;

(e) any and all claims for failure to reimburse, indemnify, cover, or pay for business costs, including without limitation claims for reimbursement of costs spent on or imposed for any type of business expenses, equipment reimbursement. trade errors, or support staff;

(f) any and all claims for penalties, including without limitation liquidated and/or punitive damages relating to all claims released in subsections (a) through (e); and

(g) any and all claims for interest, costs, attorneys' fees, equitable relief, or other types of available recovery relating to all claims released in subsections (a) through (f).

8. The Federal Claims Release includes, but is not limited to the release of any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation and arbitration), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., and, the Portal to Portal Act, 29 U.S.C. § 251 et seq., arising during the Class Periods. The State Claims Release includes, but is not limited to release of any and all state law claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown (including those within the scope of pending litigation or arbitration), arising during the Class Periods, of the type described in paragraphs (a) to (g) above, including without limitation statutory, constitutional, contractual or common law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties, interest, or equitable relief.

9. Settlement Class Members who did not opt in to FLSA class, whether during the original opt-in period or by submission of a Claim Form, shall be bound by the State Claims Release, and not the Federal Claims Release.

10. The release of claims is intended as a complete release of the Released Claims, whether known or unknown, liquidated or unliquidated (including those within the scope of pending litigation or arbitration). As a consequence, the Class Representatives and each Settlement Class Member may later discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Representatives and each Settlement Class Member, upon the Settlement Effective Date, shall be deemed to have, and by operation of the Judgment becoming Final, shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden (including those within the scope of pending litigation or arbitration) which then exist, or previously have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. In furtherance of this intention, Settlement Class Members expressly waive any rights or protections under any statute, legal doctrine, or other authority that restricts the release of unknown claims, including but not limited to Section 1542 of the California Civil Code (and any other similar state statute). Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

12. The Court orders that, upon the Effective Date, the Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

13. The Court has jurisdiction to enter this Final Judgment. Without in any way affecting the finality of this Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Stipulation of Settlement and of this Final Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, and/or this Final Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Monex); (b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Judgment and the Stipulation of Settlement (including, without

limitation, orders enjoining persons or entities from pursuing any claims against Monex), or to ensure the fair and orderly administration of the Settlement; and (c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Stipulation of Settlement, the settling parties, and the Settlement Class Members.

14. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

15. In the event that the Effective Date does not occur, this Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this 17th day of June, 2011.

_____

**THE HONORABLE DAVID O. CARTER**

UNITED STATES DISTRICT COURT JUDGE

*/s/ David O. Carter*